# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**ALLEN MILES**                                                                **PETITIONER**

**4:18CV00122 BRW/PSH**

**DOC HOLLADAY, Sheriff,**
**Pulaski County, Arkansas**                                    **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson . You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Allen Miles ("Miles") filed a pleading styled as "Motion to Compel Evidence, Dismiss Case for Lack of Jurisdiction" with this Court on February 8, 2018. Docket entry no. 1. This pleading was docketed as a petition for writ of habeas corpus. In it, Miles alleged violations of the 1st, 6th, 8th, 9th, and 14th Amendments, resulting in his false imprisonment and inability to receive a fair trial. He wrote, "Therefore, he has now been in-prisoned by false statements and unfair justice system and now he request this court to use a in-camera review concerning his case, jurisdiction, and evidence that was used to charge him." Docket entry no. 1, page 1. Miles gives as his address the Pulaski County Detention Facility. As a result, his custodian is Doc Holladay ("Holladay"), the Sheriff of

Pulaski County.

Holladay responded to Miles' petition by filing a motion to dismiss, with an accompanying brief. Docket entry nos. 13 & 14. The brief and attached documents reflect that on November 1, 2017, Miles was charged in Pulaski County with second-degree sexual assault. Miles was in federal custody when charged with the state offense. On November 27, December 12, and December 15, 2017, and again on January 29, 2018, the Pulaski County Circuit Judge executed writs of habeas ad prosequendum requesting the federal prison having custody of Miles to release him to Pulaski County related to court appearances on the state charge. It is unclear at what point Miles was actually moved from federal custody to the Pulaski County Detention Facility. In any event, Miles was transported to the Pulaski County Detention Facility on or before February 6, 2018, which is the date he signed the petition which initiated this lawsuit. Miles was awaiting trial on the state charge at the time he brought this action, and apparently continues to await trial.

Holladay contends this case should be dismissed. We agree, for the following reasons.

First, although Miles does not identify the statutory authority for his lawsuit, the typical avenue for seeking habeas corpus relief is via 28 U.S.C. § 2241 or 2254. Under either of these provisions, the question in issue is whether the federal Constitution, laws, or treaties have been violated, not whether state courts are correctly determining state law questions. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Accordingly, Miles' complaint about the pre-trial procedures in state court do not state a cognizable claim in a federal habeas action under either § 2241 or § 2254.

Second, state prisoners must exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Here, Miles offers no evidence that he has pursued his claims in state court, either with the trial court or an appellate court. *See, e.g., Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (petitioner asking a federal court to declare a state indictment void and prevent prosecution required to exhaust state remedies)*;* and *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir.

1981) (tribal sovereignty not a special circumstance which obviates the need for exhaustion in state court). Since Miles has not yet proceeded to trial on the pending state criminal charge, he has not exhausted his state court remedies. Thus, he is seeking to collaterally attack in federal court unresolved criminal charges that are pending in Pulaski County Circuit Court. Absent exhaustion of state court remedies, he may not utilize federal habeas corpus in this manner.

The third and final reason to dismiss this petition is also due to the pending state criminal charge. Since Miles' trial is pending in state court, this Court must abstain from considering these claims pursuant to *Younger v. Harris,* 401 U.S. 37 (1971). Under the rule of *Younger,* "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45. Injunctive relief is generally unavailable unless a petitioner can show that he will suffer "irreparable injury" absent injunction. Where a federal injunction is sought against ongoing state proceedings, the standard is even higher:

> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46 (internal citation and quotation marks omitted).

*Younger* applies if the state proceeding is (1) presently pending; (2) involves an important state interest; and (3) affords petitioner an adequate opportunity to raise his constitutional claims. *Middlesex County Ethics Committee v. Garden State Bar Ass'n.,* 457 U.S. 423, 432 (1982). Miles' case is pending and the charge of second-degree sexual assault involves an important state interest. There is no showing by Miles that his circumstances are so unusual that they warrant deviation from the abstention rule of *Younger*.

For the reasons stated above, we recommend the petition be dismissed without prejudice and

the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 9th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE